# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JUSTIN YOUNG, XAVIER HORNE,**
**TRAVIS SMITH, and ADEBAYO AJAGUNNA,**

      **Plaintiff,**

**v.**                               **CASE NO:  8:22-cv-02565-KKM-CPT**

**LB INDEPENDENT CORP.,**
**LUKAS BUTKEVICIUS, an individual,**
**CARGOPLUS, INC.; DANGOULE DE MARR,**
**an individual; FLEETECH, INC.; and**
**MINDAUGUS MICKEVICIUS, an individual**

      **Defendants.**
_____/

## RENEWED JOINT MOTION TO APPROVE
## AMENDED FLSA SETTLEMENT AND FOR
## <u>DISMISSAL OF ALL CLAIMS WITH PREJUDICE</u>

Plaintiffs, Justin Young, Xavier Horne, Travis Smith, and Adebayo Ajagunna and Defendants Cargoplus, Inc. and Dangoule De Marr (collectively "Defendants") (all collectively, the "Parties"), by their respective counsel, and pursuant to this Court's May 24th, June 7th, and July 11th Orders (Dkt. 46, 48 and 50), move for approval of the Settlement Agreements executed by the Parties, and for dismissal with prejudice of all claims in this case. In support of their Motion, the Parties state as follows:

1.    Plaintiffs filed the instant action against Defendants LB Independent Corp. and Lukas Butkevicius for violations of the Fair Labor Standard Act ("FLSA") and unpaid wages on November 4, 2022. (Dkt. 4). Thereafter, Plaintiffs filed an Amended Complaint on March 28, 2023, which removed any class allegations, added one additional Plaintiff (Adebayo Ajagunna) and added Defendants Cargoplus Inc., Dangoule De Marr, Fleetech, Inc., and Mindaugas Mickevicius. (Dkt. 27)

2.    Plaintiff's Complaint alleges that Defendants failed to pay Plaintiffs a minimum wage for all the hours that they worked during their employment, including their final two to three weeks of work when the Plaintiffs claim they were not paid at all. (Dkt. 27, ¶¶ 111, 112, and 113).

3.    Defendants LB Independent Corp. and Lukas Butkevicius, then filed their Motion to Dismiss and related exhibits on April 27, 2023. (Dkt 40 and Exhibits 40-1 through 40-6).

4.    Defendants LB Independent Corp. and Lukas Butkevicius asserted that Plaintiffs are properly classified as independent contracts and, therefore, not individuals covered by the FLSA. Defendants LB Independent Corp. and Lukas Butkevicius also claimed they are not Plaintiffs employers or even parties to their alleged independent contractor agreements and, therefore, *inter alia*, there is no joint employer liability.

5.     The remaining defendants were then added as parties via an Amended Complaint. Subsequent to the dismissals reflected in footnote 1 above, only Defendants Cargoplus, Inc. and Dangoule De Marr remain.

6.     Defendant Cargoplus, Inc. and Dangoule De Marr defenses focused, *inter alia*, on the alleged independent contractor status of Plaintiffs and the allegation that, assuming arguendo that Plaintiffs were "employees" and not independent contractors, each of them were still paid minimum wage for all hours worked, and indeed all wages owed, during their relationship with Defendant Cargoplus, Inc. Defendant Dangoule De Marr denied that there was a factual or legal basis to hold her individually liable and, alternatively, adopted the same position and defenses as Defendant Cargoplus, Inc., including its denial of the existence of any joint employer relationship.

7.     After extensive negotiations on Plaintiff's claims and Defendant Cargoplus, Inc.'s and Dangoule De Marr's defenses, the Parties filed a Notice of Settlement on May 24, 2023. (Dkt. 45).

8.     Thereafter, on May 31, 2023, the Court Ordered the Parties to submit their motion for settlement approval. (Dkt. 46). The Court later granted the Parties' joint request to extend that time to July 7, 2023. (Dkt. 48).

9.     The Parties initially agreed to settle this action for a total settlement payment of $30,000.00. In this settlement, each of the four named Plaintiffs

recovered a total of $5,000.00 (half being attributed to wages and the other half attributed to liquidated damages) for a total of $20,000.00 recovered in wages and liquidated damages.

10.    Additionally, the parties initially agreed that Defendants Cargoplus, Inc. and Dangoule De Marr will pay Plaintiff's counsel $10,000 in fees and costs (which includes the filing fee). Plaintiff's counsel's fees and costs were discussed entirely separately from Plaintiff's recovery.

11.    Finally, the parties agreed that the remaining Defendants, LB Independent Corp., Lukas Butkevicius, Fleetech, Inc., and Mindaugas Mickevicius ("Remaining Defendants") would be dismissed with prejudice, with each party bearing their own fees and costs due to the fact that the evidence showed that only Defendant Cargoplus, Inc. was demonstrably the "employer" of Plaintiffs.

12.    On or about July 7, 2023, this Court entered its Order (D.E. 50) rejecting that initial settlement as it pertains to dismissing the Remaining Defendants with prejudice without a settlement agreement.

13.    The Parties have now executed and have submitted Amended Settlement Agreements reflecting settlements with each of the Remaining Defendants.

14.    Specifically, each of the Remaining Defendants will pay the sum of $100.00 to the Plaintiff as full settlement of any and all claims against them arising

out of or related to this matter, and he Parties have specifically and expressly agreed that the amount of $100.00 per each of the Remaining Defendants is a wholly reasonable settlement due to the lack of evidence that the Plaintiff possesses against the Remaining Defendants and thus a bona fide dispute exists as to their liability for any alleged damages sought by Plaintiff in this case.

15.    As to the agreed settlement amounts with Defendants Cargoplus, Inc. and Dangoule De Marr, Bbsed on a review of records produced in this case related to payments made to Plaintiffs during their relationship with Defendant Cargoplus, Inc., Plaintiffs believe their recovery under the Parties' proposed amended settlement agreement, assuming arguendo that they were in fact employees and not independent contractors, amounts to full back pay and includes liquidated damages.

16.    In light of the documents exchanged during negotiations, this settlement was both reasonable and fair under the facts of this particular case. If Defendant and/or Remaining Defendants were to prevail on their coverage defense or successfully assert their independent contractor classification of Plaintiffs, then Plaintiffs would have recovered nothing.  Similarly, if Plaintiffs could not prove they were not paid required minimum wages, assuming arguendo they were found to be employees and not independent contractors, they could have still recovered nothing. Ultimately this litigation was due to be long protracted litigation and required Plaintiffs, *inter alia*, to establish a joint employer theory for liability. Plaintiffs

wished to avoid the risks, unknowns, and costs of protracted litigation in favor of the certainty of recovery of under the Parties' proposed settlement agreement.

17.    For these reasons, the Parties respectfully ask this Honorable Court to grant this Renewed Motion, approve the attached amended settlement agreements, and dismiss this case with prejudice.

## MEMORANDUM OF LAW

There are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who

can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)    the existence of fraud or collusion behind the settlement;
(2)    the complexity, expense, and likely duration of the litigation;
(3)    the stage of the proceeding and the amount of discovery completed;
(4)    the probability of plaintiff's success on the merits;
(5)    the range of possible recovery; and
(6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527, 1530-31 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

## I.    THE SETTLEMENT AMOUNT

Under the terms of the Settlement Agreements for each of the four Plaintiffs attached as Exhibit A, Defendant will pay each Plaintiff the sum total of $5,000 in

settlement of his claim. In this case, $2,500 of the total payment to each Plaintiff is attributed as wages and $2,500 is attributed as liquidated damages. Therefore, Plaintiffs are recovering both the "hard" damages as well as liquidated damages for a total payment of $20,000 in wages and liquidated damages.  Further, given the circumstances with the Remaining Defendants the payment of $100.00 each to the Plaintiffs is wholly reasonable to resolve the bona fide dispute of the claims against them.

## II.    ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLEMENT

As discussed above, Plaintiffs and Defendants do not agree as to the viability of the FLSA claims asserted in the action. Defendant denies that there is FLSA coverage and/or that it owes Plaintiffs any additional compensation. Plaintiffs acknowledge that the settlement amounts represent fair compensation for their FLSA claims. Accordingly, the settlement is fair. Further, given the circumstances with the Remaining Defendants the payment of $100.00 each to the Plaintiffs is wholly reasonable to resolve the bona fide dispute of the claims against them.

As to the first factor in *Leverso,* the settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiffs against their alleged former employers under a joint employer theory of liability, which was adversarial in nature. Courts have found that no fraud or collusion exists when both parties were represented by counsel and the amount paid to the plaintiff seemed fair.

*See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. December 21, 2006). Here, each Party was independently represented by experienced counsel. The undersigned counsel represent to the Court that there was no fraud or collusion and that all parties are in agreement.

As to the second element, the complexity, expense, and likely duration of the litigation favors approval of the settlement. Defendants first deny that Plaintiffs were misclassified as independent contractors. Defendants also argue that even if they were misclassified, Defendants dispute the joint employer theory of liability. Thus, some of the Defendants sought to be dismissed from the complaint entirely regardless of classification. Finally, Defendants argue that even if the Plaintiffs were misclassified as independent contractors and there is a joint employer amongst them, the Plaintiffs were nonetheless paid minimum wage for all weeks worked. Therefore, the Plaintiffs faced challenges in the complexity of their arguments and the claims would likely endure protracted litigation with no guarantee of success. This factor favors approval of the settlement.

The third factor, the stage of the proceedings and the amount of discovery completed also favors approval of the settlement. The Parties have exchanged documents and records and engaged in detailed settlement discussions through their

counsel. All parties have been represented by competent and skilled attorneys in the FLSA. This factor also favors approval of the settlement.

The probability of success on the merits, also militates in favor of this settlement. At this juncture, the Parties agree that avoiding the cost and risk of proceeding with litigation is in the best interest of both Parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiffs have at all times been represented by counsel. In agreeing to the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Therefore, the fourth factor, as well as the fifth factor regarding the range of possible recovery weigh in favor of approving the settlement. Each Plaintiff is recovering wages and liquidated damages.

Finally, Counsel for Plaintiffs and for Defendants believe the settlement to be fair and reasonable, as Plaintiffs will be fairly compensated in both wages and liquidated damages, and their attorneys paid. In reaching this settlement, both Plaintiffs and Defendants compromised their original positions and hereby move for this Court's approve of the negotiated Settlement Agreements.

III.      **ATTORNEY'S FEES WERE NEGOTIATED SEPARATELY AND ARE REASONABLE.**

As part of the Parties' settlement, Plaintiffs' attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

Here, Defendants' total payment of $10,000 for all Plaintiffs' attorneys' fees and costs provides for the resolution of all attorneys' fees and costs owed to Plaintiffs' counsel. The payment to Plaintiffs' Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise.

## CONCLUSION

The Parties assert that the settlement they reached is a fair and reasonable compromise of Plaintiffs' claims. Accordingly, the Parties respectfully request that this Court approve the Settlement Agreements and dismiss Plaintiffs' claims.

Dated this 1st day of August, 2023.

BY:

s/ Joseph E. Blitch

Joseph E. Blitch, Esquire

Florida Bar No.: 040592

BLITCH WESTLEY BARRETTE, S.C.

9100 Conroy Windermere Road, Suite 200

Windermere, Florida 34786

Telephone: (407) 574-2835

Facsimile: (608) 829-2982

Primary: jblitch@bwesq.com

Secondary: mmock@bwesq.com

Tertiary: jsybert@bwesq.com

**Counsel for Defendants, LB INDEPENDENT CORP. and LUKAS BUTKEVICIUS**


/s/ David H. Popper

David H. Popper, Esquire

Florida Bar No.: 282766

DH POPPER PA

1947 Lee Rd.

Winter Park, Florida 32789

Telephone: (407) 716-7040

Email: david@dhpopperlaw.com

**Counsel for Defendants CARGOPLUS, INC., and DANGUOULE DE MARR**

BY:

/s/ Amanda E. Heystek

Amanda E. Heystek, Esquire

Florida Bar Number: 0285020

WENZEL FENTON CABASSA, P.A.

1110 North Florida Avenue

Suite 300

Tampa, Florida 33602

Telephone: 813-224-0431

Facsimile: 813-229-8712

E-mail: aheystek@wfclaw.com

Secondary: rcooke@wfclaw.com

**Counsel for Plaintiffs**